** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| THE MEDICAL CENTER OF SOUTHEAST § <br> TEXAS, L.P., et al., § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> AETNA HEALTH, INC., § <br> § <br> *Defendant.* § | § <br> § CIVIL ACTION No. 1:16-CV-390 <br> § <br> § JUDGE RON CLARK <br> § <br> § AFC <br> § |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Aetna Life Insurance Company (ALIC), a citizen of Connecticut, removed this case from the 60th Judicial District Court of Jefferson County, Texas. Plaintiffs The Medical Center of Southeast Texas and Southwest General Hospital are Texas citizens and did not name ALIC as a defendant in their Original Petition. Instead, Plaintiffs named Aetna Health, Inc. (AHI), which is a Texas citizen. Since ALIC, as a nonparty, cannot institute removal proceedings and the court cannot create diversity jurisdiction by substituting a diverse party for a non-diverse defendant, the court REMANDS this case back to state court. However, since ALIC had an objectionably reasonable basis for concluding that Plaintiffs had misidentified the proper party in this suit, the court DENIES Plaintiffs' request for attorney's fees and costs.

### I. BACKGROUND

Plaintiffs are hospitals and out-of-network providers for the Aetna Health Insurance Exchange Network (HIX Network) in Texas. Plaintiffs provided emergency medical services to

1

patients who were members of the HIX Network. Plaintiffs assert that AHI underpaid them for these emergency services to the tune of approximately $1.7 million.

On August 5, 2016, Plaintiffs filed suit against AHI in the 60th District Court of Jefferson County, Texas. Plaintiffs brought claims under Texas Insurance Code Section 1271.155(a) and the Texas Prompt Pay Act as well as equitable claims under the doctrines of quantum meruit and implied contract/unjust enrichment. Plaintiffs further seek a declaration regarding what amount Defendants are required to pay for the emergency services.

On September 9, 2016, ALIC removed Plaintiffs' suit to this court based solely on diversity of citizenship. Although ALIC is not named in Plaintiffs' Original Petition, ALIC claims that it actually manages the HIX Network and was the entity responsible for making payments to Plaintiffs. ALIC further argues that Plaintiffs are unable to recover in their claims against AHI. On September 20, 2016, Plaintiffs filed the present Motion to Remand (DOC. # 4).

## II. DISCUSSION

Neither party disputes that Plaintiffs are both Texas-based limited partnerships. Nor do the parties dispute that AHI, which was incorporated in Texas and has its principal place of business in Dallas, Texas, is a citizen of Texas. AHI was the only defendant named in Plaintiffs' Original Petition. Since at least one plaintiff is a citizen of the same state as one defendant, diversity jurisdiction does not exist and remand is required.

ALIC, a citizen of Connecticut, presents evidence tending to show that it was the entity that actually administered the HIX Network and paid Plaintiffs' claims. Because of this, ALIC argues that Plaintiffs' claims against AHI are clearly meritless and should be dismissed. ALIC asks the court to substitute it for AHI as the only defendant, which would create diversity jurisdiction. However, the Fifth Circuit has clearly rejected this procedure on at least two

occasions. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006); *De Jongh v. State Farm Lloyds*, 555 F. App'x 435 (5th Cir. 2014). Further, "where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action." *Salazar*, 455 F.3d at 575. ALIC was not a party to the state court suit, and diversity jurisdiction cannot be fabricated by adding ALIC to the suit after removal. *Id.*

In addition, "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court." *De Jongh*, 555 F. App'x at 437. "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *Id.* ALIC was not a party to the state court action and did not have the power to remove the suit to this court. Remand is therefore warranted on the alternative grounds that ALIC did not have the authority to remove the case to this court.

ALIC's reliance on *Dalton v. State Farm Lloyd's*, 4 F. Supp. 3d 859 (S.D. Tex. 2014) is misplaced. In *Dalton*, the plaintiff admitted that she had misnamed the defendant and seemingly agreed that she meant to bring an action against the diverse defendant. *Id.* at 861–62. Plaintiffs in this case have made it very clear, both through their Original Petition, their Motion to Remand, and their Initial Disclosures, that they intended to bring an action against AHI and not ALIC. Plfs' Orig. Pet., DOC. # 1-5, pg. 2; Aff. of Matthew Curley, DOC. # 4-1, pg. 2; Plfs' Initial Disclosures, DOC. # 10-3, pg. 6. "[F]ederal courts permit plaintiffs to craft their complaints to avoid federal jurisdiction," which "includes a plaintiff's decisions as to which parties to sue." *De Jongh*, 555 F. App'x at 438. Plaintiffs have chosen to sue AHI, and they are the ones that must face the consequences that may come if it turns out that their claims should have been brought against ALIC.

For this same reason, the misnomer and misidentification doctrines are not applicable. Misidentification occurs "when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chikewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). Misnomer "arises when a plaintiff sues the correct entity but misnames it." *Id.* The *De Jongh* court seemingly recognized that diversity jurisdiction could exist when there has been a misidentification or a misnomer. *De Jongh*, 555 F. App'x at 438 n.4. However, for a misidentification or misnomer to arise, Plaintiffs must have made a mistake as to whom they brought the suit against. In this case, Plaintiffs intentionally sued AHI and stated in their disclosures that they believe AHI may be liable for the alleged underpayments. Plfs' Initial Disclosures, DOC. # 10-3, pg. 6. Any misnomer or misidentification exception does not apply.

### III. ATTORNEY'S FEES

Plaintiffs have requested that the court award attorney's fees and costs that they incurred based on Defendants' removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). This test is meant to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." *Id.* at 140.

ALIC has provided evidence tending to show that AHI did not administer the HIX Network and that Plaintiffs may only recover from ALIC. ALIC's Exh. A, DOC. # 10-1. ALIC has also provided evidence tending to show that neither it nor AHI was properly served with

Plaintiffs' Original Petition, but that ALIC still received notice of the suit through different means. ALIC's Exh. B, DOC. # 10-2, pg. 3. It did not become clear until after removal that Plaintiffs intentionally sued AHI and had not merely misidentified AHI as the proper defendant. *See* Aff. of Matthew Curley, DOC. # 4-1, pg. 2; Plfs' Initial Disclosures, DOC. # 10-3, pg. 6. It is for the state court to decide whether Plaintiffs may only recover from ALIC or whether service was perfected. However, this evidence provides an objectionably reasonable basis for ALIC to conclude that Plaintiffs had misidentified AHI as the proper defendant.

There is some case law that when a misnomer or misidentification arises, a defendant must remove the case to federal court within 30 days of receiving notice of the misnomer/misidentification or risk waiving its right to removal. *I.D. Tech., LLC v. Paul Leibinger Numbering, Mach. L.P.*, No. 3:12–CV–2646–B, 2013 WL 105361, at *2–3 (N.D. Tex. Jan. 8, 2013). Since ALIC had an objectionably reasonable basis for concluding that Plaintiffs had misidentified the proper defendant in this suit and risked waiving its right to removal if it did not act within 30 days of receiving notice of Plaintiffs' suit, the court concludes that ALIC had an objectionably reasonable basis for removing this suit and will not grant Plaintiffs' request for attorney's fees and costs.

## IV. CONCLUSION

Plaintiffs have made it clear that they intentionally sued AHI instead of ALIC. ALIC was not a party to the state court action and did not have the authority to remove the case to this court. The court may not create diversity jurisdiction by substituting a non-diverse defendant for a diverse one. However, since at the time of removal it was not clear whether Plaintiffs had accidentally misidentified AHI as the defendant in the suit, the court concludes that ALIC had an

5

objectively reasonable basis for removing the case to this court and will not award attorney's fees and costs to Plaintiffs.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (DOC. # 4) is GRANTED. The request for attorney's fees and costs is DENIED.

The Clerk is directed to remand this case to the 60th Judicial District Court of Jefferson County, Texas.

So **ORDERED** and **SIGNED** this **25** day of **October, 2016.**

_____
Ron Clark, United States District Judge